HEIRS OF FRANK GRILLO, ETC., Petitioners, *v.* INDUSTRIAL COMMISSION OF PUERTO RICO, ETC., Respondent.

No. CI-63-6.     Decided February 13, 1964.

*Francisco Aponte Pérez* for petitioners. *Donald R. Dexter* and *Carmen Ana Archeval* for the Manager of the State Insurance Fund.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE RIGAU delivered the opinion of the Court.

On August 1, 1962, the Manager of the State Insurance Fund rendered a decision in this case ruling that United Rubber, Cork, Linoleum and Plastic Workers of America, AFL-CIO International Union, was an uninsured employer because of its failure to take out an insurance policy for its laborers and employees pursuant to the legal provisions in force in Puerto Rico to that effect, 11 L.P.R.A. § 1 *et seq.* The employer did not appeal from this decision to the Industrial Commission, 11 L.P.R.A. § 11.

On October 11, 1962 the Manager rendered another decision in this case which in its pertinent part reads as follows:

"From the investigation made in this case it appears that on or about April 11, 1961, around 7:30 p.m., the employee in question attended a meeting where certain problems arising in connection with a collective agreement were discussed.

"The meeting ended shortly after 10:00 p.m., the employee got into his car and as he passed by Fort Buchanan he suffered

a heart attack and died some time later in Hospital Rodríguez of Fort Brooke.

"It appears further from the investigation that the discussion was carried out in a cordial environment and that this employee apparently felt well all the time.

"From the report of the autopsy it appears that his death was due to heart failure secondary to hypertrophy and dilatation due to syphilitic aortitis.

"Having examined the facts of this case, the Manager of the State Insurance Fund holds that employee Frank Grillo did not suffer any labor accident on or about April 11, 1961, and his death is not therefore covered by the existing Workmen's Accident Compensation Act; and it further holds that assuming, without accepting, that the same was covered by the provisions of that statute, the claim for the death of employee Frank Grillo was made after the one-year term provided by the Act."

Petitioners appealed from the decision of the Manager to the Industrial Commission, which after holding a public hearing decided that the death claim made by petitioners had prescribed and it therefore affirmed the decision of the Manager. Petitioners having requested reconsideration of the case, the Commission denied the same. Petitioners allege before this Court that the Commission committed the following three errors:

"1. In holding that § 8 of Act No. 102 of 1925 is in force and in applying to the present case the one-year prescriptive provision of that statute.

"2. In holding that as of the enactment of Act No. 96 of June 24, 1960 the one-year prescriptive period provided by § 8 of Act No. 102 of 1925 governs in cases of death claims against uninsured employers.

"3. In holding that the Manager of the Fund had original jurisdiction to decide this case in the first instance."

The first two errors assigned were committed. Section 8 of Act No. 10 of February 25, 1918 (Sp. Sess. Laws, p. 54), as amended by § 2 of Act No. 102 of September 1, 1925

(Sess. Laws, p. 904), is not in force, *González Saldaña* v. *Industrial Commission*, 89 P.R.R. 262 (1963).[1]

In view of the conclusion we have reached on the first two errors, we need not consider and discuss the third. The case will be remanded to the Industrial Commission for the passing of judgment on the merits thereof and determination as to whether or not the death of petitioners' predecessor is compensable, and in either of the two alternatives to comply with the legal provisions.

---

[1] It is well to clarify, as we did in *González Saldaña* v. *Industrial Commission, supra*, that when the parties refer to § 8 of Act No. 102 of September 1, 1925, actually they do not refer to § 8 of that Act No. 102, but rather to § 8 of Act No. 10 of February 25, 1918, which was amended by § 2 of Act No. 102 of 1925 *supra*. The Act of 1925 designated its articles as "sections."